UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **KEVIN PLANK,** ) <br> 5 Terra Glen Road ) <br> Danbury, CT 06811 ) <br> ) <br> **WILTON FIREFIGHTERS LOCAL 2233,** ) <br> a/w **THE INTERNATIONAL ASSOCIATION** ) <br> **OF FIRE FIGHTERS, AFL-CIO** ) <br> P.O. Box 791 ) <br> Wilton, CT 06897 ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **TOWN OF WILTON, CONNECTICUT.** ) <br> 238 Danbury Road ) <br> Wilton, CT 06897 ) <br> and ) <br> ) <br> **THE RETIREMENT PLAN FOR** ) <br>   **EMPLOYEES OF THE TOWN** ) <br>   **OF WILTON, CONNECTICUT,** ) <br> 238 Danbury Road ) <br> Wilton, CT 06897 ) <br> ) <br> **JOSHUA COLE, Trustee,** ) <br> 238 Danbury Road ) <br> Wilton, CT 06897 ) <br> ) <br> **RUTH DeLUCA, Trustee,** ) <br> 238 Danbury Road ) <br> Wilton, CT 06897 ) <br> ) <br> **KIMBERLY HEALY, Trustee** ) <br> 238 Danbury Road ) <br> Wilton, CT 06897 ) <br> ) <br> **STEWART KOENIGSBERG, Trustee** ) <br> 238 Danbury Road ) <br> Wilton, CT 06897 ) <br> ) <br> **BASAM NABULSI, Trustee,** ) <br> 238 Danbury Road ) | **CIVIL ACTION COMPLAINT** <br> Case No. <br><br> **JURY TRIAL DEMANDED** |

1

| | |
|---|---|
| Wilton, CT 06897 | ) |
| DAWN NORTON, Trustee | ) |
| 238 Danbury Road | ) |
| Wilton, CT 06897 | ) |
| | ) |
| ROSS TARTELL, Trustee | ) |
| 238 Danbury Road | ) |
| Wilton, CT 06897 | ) |
| | ) |
| LYNNE VANDERSLICE. Trustee | ) |
| 238 Danbury Road | ) |
| Wilton, CT 06897, | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## COMPLAINT

Plaintiffs, by their undersigned counsel, hereby submit their Complaint and state the following in support of the relief they seek.

## PRELIMINARY STATEMENT

1. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for injunctive relief, compensation and other relief including attorneys' fees under the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act, as amended (collectively the "ADEA"), 29 U.S.C. § 621, *et seq.*, as well as the applicable state statutes prohibiting age discrimination. *See* General Statues of Connecticut Section 46a-60, C.G.S.§ 46a-60.

2. Plaintiff, Kevin Plank, is a former employee of the Town of Wilton, Connecticut who worked as a firefighter for the town until his retirement on February 1, 2023 pursuant to the Town's policy requiring firefighters to retire as they become 65 years old. Plaintiff is also a member of Wilton Firefighters Local 2233 ("Local 2233"), an affiliate of the International Association of Fire Fighters.

3. Plaintiff, Local 2233, is a labor organization that is the collective bargaining representative for individuals employed by the Town of Wilton in firefighting and emergency response positions.

4. Plaintiffs bring this action on behalf of themselves, and other individuals similarly situated.

## JURISDICTION AND VENUE

5. Jurisdiction of this action is conferred upon this Court by 29 U.S.C. § 626(c), 28 U.S.C. § 1331, and 28 U.S.C. § 1337. Venue of this action is established in this Court pursuant to 28 U.S.C. § 1391(b) as both defendants are located in this District, and the discriminatory action complained of occurred in this District.

## PARTIES

6. Plaintiff is a former firefighter and employee of Defendant the Town of Wilton, Connecticut ("Wilton") and is a member in the Retirement Plan for Employees of the Town of Wilton, Connecticut (the "Retirement Trust").[1]

7. Plaintiff Local 2233 is a labor organization whose members (including Plaintiff Plank) are employees of Wilton and members/participants in the Retirement Trust.

8. Defendant Wilton is a municipal corporation situated in the County of Fairfield and the State of Connecticut. Defendant Wilton employed Plaintiff Plank and is party to a collective bargaining agreement with Local 2233. Defendant Wilton also adopted (and amended from time to time) the "Retirement Trust." The Trustees of the Retirement Plan for the Employees of the Town of Wilton, Connecticut and the Retirement Plan for the Employees of the Town of Wilton,

---

[1] A copy of the governing Retirement Trust document is attached hereto as Exhibit A.

Connecticut (collectively the "Retirement Plan") are also Defendants in this action. Defendants Wilton, the Retirement Plan and the Trustees of the Retirement Plan have their principal place of business in the City of Wilton.

## **FACTS**

9. Plaintiff Plank was hired by Wilton as a firefighter on September 8, 2008. Pursuant to the relevant provisions of the Retirement Trust, Plaintiff became a member of the Retirement Trust upon his hiring.

10. Plaintiff's date of birth is January 28, 1958. Thus, he was hired by the Town and became a member of the Retirement Trust when he was 50 years old.

11. Under the governing documents of the Retirement Trust, a member obtains their "Normal Retirement Date" and becomes eligible for "normal retirement" benefits based on their date of hire and years of service. *See* Exhibit A, p. IV-6, Part IV, Section 3.

12. For members hired prior to July 1, 2015, such as Plank, the "Normal Retirement Date" is the later of either reaching 50 years old or reaching 25 years of service. For employees hired after July 1, 2015, the "Normal Retirement Date" is the later of reaching 52 years old or the completion of 25 years of service. *See* Exhibit A, Part IV, § 3(1).

13. In addition to "Normal Retirement," the terms of the Retirement Trust also provide for a voluntary "Early Retirement" option. Under this option, an employee "may elect to retire . . . following the completion of ten (10) years of Credited Service and the attainment of [their] forty-fifth (45th) birthday." *See* Exhibit A, Part VI, § 3(2). The monthly benefit owed to a member who voluntarily exercises this option is calculated using a "early retirement factor."

14. The terms of the Retirement Trust have also included the Town's mandatory retirement age for firefighters as part of the terms to be applied to a member's eligibility for

retirement benefits.  *See* Exhibit A, Part IV, § 3(3) Thus, the terms of the Retirement Trust also provide that "[a] member may remain in active service of the Town after his Normal Retirement Date.  However, the Town retains the right to set a mandatory retirement age in accordance with applicable federal and state law.  Effective as of July 1, 2015, the Town has set a mandatory retirement age of the last day of the month in which the Member reaches age sixty-five (65)."

15. In December 2022, Plaintiffs Plank and Local 2233 became aware that Plank was being forced to retire pursuant to the Town's mandatory retirement policy that requires a firefighter to retire from employment at age 65.

16. Plaintiff's actual retirement date under the Retirement Trust was February 1, 2023.

17. At the time of his mandatory retirement, Plaintiff had 14.33 years of credited service.

18. Because Plaintiff had not earned 25 years of credited service at the time of his mandatory retirement, the Retirement Plan calculated the monthly benefit owed to Plaintiff Plank as if he had exercised the voluntary retirement option, applying the "early retirement factor," which effectively reduced his monthly benefit amount by more than 75 %.

19. As stated above, Plaintiff Plank did not voluntarily retire but was removed from active service by operation of the mandatory retirement provision contained in the Retirement Trust.  Plank's reduced pension benefit was based solely on his age.  Because Plank was hired as an older worker, Plank never had the opportunity to obtain the 25 years of service required for a normal pension benefit.  In fact, every firefighter the Town of Wilton hires over the age of 40 will automatically be discriminated against in the amount of their pension benefit compared to fire fighters hired at younger ages, because it will be impossible for these older workers to obtain

normal retirement benefits solely and exclusively because of their age due to the 25 year service requirement coupled with the Town's mandatory retirement age of 65 for firefighters.

20. Plaintiffs timely filed charges with the U.S. Equal Employment Opportunity Commission asserting that Defendants violated the ADEA based upon its treatment of Plank and the application of the terms of the Retirement Trust to Plank and similarly situated fire fighters hired after they turn age 40.

21. Plaintiffs' charges were automatically dual filed with the Connecticut Commission on Human Rights and Opportunities ("CHRO").

22. Subsequently, Plaintiffs requested and received Right to Sue letters from the EEOC and requested and received a Release of Jurisdiction from the CHRO. As such, Plaintiffs have exhausted their available administrative remedies. Copies of these documents are attached hereto as Exhibit B.

23. Plaintiff Plank has also exhausted all available internal administrative remedies.

### COUNT I – VIOLATION OF THE ADEA (DISPARATE TREAMENT) – ALL DEFENDANTS

24. Plaintiffs repeat and reallege Paragraphs 1-23 of their Complaint as if set forth fully herein.

25. At the time of his hiring, Plank was over 40 years of age.

26. Accordingly, there was no way for Plank to be able to obtain a normal retirement benefit under the terms of the Retirement Trust. Instead, solely and exclusively because he was hired as an older firefighter, he was forced to take a severely reduced early retirement pension. Because of the terms of the Retirement Trust, no firefighter hired by the Town over the age of 40 can obtain a normal retirement benefit under any circumstances due to the combination of the language in the Retirement Trust that required 25 years of credited service and a mandatory

retirement at age 65. In contrast, every firefighter hired by the Town age 40 or younger has the opportunity to obtain a normal retirement benefit.

27. Accordingly, the Town, the Retirement Plan and its Trustees rely upon a formal, facially discriminatory policy set forth in the Retirement Trust requiring adverse treatment because of age in violation of the ADEA.

28. Furthermore, the motivation for the Retirement Trust provision at issue is to discriminate against older hired workers and ensure that they do not receive normal pension retirement benefits in violation of the ADEA.

29. The years of service requirement in the Retirement Trust is a "proxy for age" because it targets older hired employees with a particular pension status, and provides reduced early retirement benefits, triggered solely because of their age in violation of the ADEA.

30. Plaintiff Plank was denied a normal retirement benefit because the Retirement Trust was drafted in a manner to affirmatively discriminate against him, and others similarly situated to him, solely on the basis of their age when they were hired, in violation of the ADEA.

## COUNT II- VIOLATION OF THE ADEA (DISPARATE IMPACT) – ALL DEFENDANTS

31. Plaintiffs repeat and reallege Paragraphs 1-30 of their Complaint as if set forth fully herein.

32. The Retirement Trust operates in a manner that probits 100% of firefighters hired after they have reached the age of 40 from ever receiving a normal pension benefit. Firefighters who are hired when they are age 40 or younger are not prohibited from attaining a normal pension benefit.

33. The 25 year service requirement for a normal retirement benefit, coupled with the age 65 mandatory retirement age, results in every firefighter who is older than the age of 40

7

when they are hired by the Town, such as Plaintiff Plank, being automatically deprived of ever being able to attain a normal retirement benefit on account of his or her age, whereas no firefighter age 40 or younger when hired by the Town is automatically prohibited from being able to attain a normal retirement benefit on account of his or her age.

34. Accordingly, the Town, the Retirement Plan and its Trustees rely upon a policy set forth in the Retirement Trust that has a significantly disproportionate impact on employees hired after they are older than age 40 years old, in violation of the ADEA.

35. Further, Defendants' less favorable treatment of older-hired firefighters was not reasonably designed to further or achieve a legitimate business purpose or administered in a way that reasonably achieves that purpose in light of the particular facts and circumstances that were known, or should have been known, to Defendants, because the purpose of the Retirement Trust provisions at issue was to keep pension costs down by ensuring that older hired firefighters could not achieve normal retirement pension benefits. Thus, Defendants' business purpose was not legitimate because it was achieved by discriminating against older hired firefighters, in violation of the ADEA.

**COUNT III- VIOLATION OF STATE AGE DISCRIMINATION LAW – CONNECTICUT GENERAL STATUTES §§ 46a-60 (DISPARATE TREATMENT) – ALL DEFENDANTS**

36. Plaintiffs repeat and reallege Paragraphs 1-35 of their Complaint as if set forth fully herein.

37. At the time of his hiring, Plank was over 40 years of age.

38. Accordingly, there was no way for Plank to be able to obtain a normal retirement benefit under the terms of the Retirement Trust. Instead, solely and exclusively because he was hired as an older firefighter, he was forced to take a severely reduced early retirement pension.

Because of the terms of the Retirement Trust, no firefighter hired by the Town over the age of 40 can obtain a normal retirement benefit under any circumstances due to the combination of the language in the Plan that required 25 years of credited service and a mandatory retirement at age 65.  In contrast, every firefighter hired by the Town age 40 or younger has the opportunity to obtain a normal retirement benefit.

39. Accordingly, the Town, the Retirement Plan and its Trustees rely upon a formal, facially discriminatory policy set forth in the Retirement Trust requiring adverse treatment because of age, in violation of state law.

40. Furthermore, the motivation for the Retirement Trust provision at issue is to discriminate against older hired workers and ensure that they do not receive normal pension retirement benefits, in violation of state law.

41. The years of service requirement in the Retirement Trust is a "proxy for age" because it targets older hired employees with a particular pension status, and provides reduced early retirement benefits, triggered solely because of their age, in violation of state law.

42. Plaintiff Plank was denied a normal retirement benefit because the Retirement Trust was drafted in a manner to affirmatively discriminate against him, and others similarly situated to him, solely on the basis of their age when they were hired, in violation of the ADEA

**COUNT IV- VIOLATION OF STATE AGE DISCRIMINATON LAW - CONNECTICUT GENERAL STATUTES §§ 46a-60 (DISPARATE IMPACT)**

43. Plaintiffs repeat and reallege Paragraphs 1-42 of their Complaint as if set forth fully herein.

44. The Retirement Trust operates in a manner that probits 100% of firefighters hired after they have reached the age of 40 from ever receiving a normal pension benefit.  Firefighters

who are hired when they are age 40 or younger are not prohibited from attaining a normal pension benefit.

45.     The 25 year service requirement for a normal retirement benefit, coupled with the age 65 mandatory retirement age, results in every firefighter who is older than the age of 40 when they are hired by the Town, such as Plaintiff Plank, being automatically deprived of ever being able to attain a normal retirement benefit on account of his or her age, whereas no firefighter age 40 or younger when hired by the Town is automatically prohibited from being able to attain a normal retirement benefit on account of his or her age.

46.     Accordingly, the Town, the Retirement Plan and its Trustees rely upon a policy set forth in the Retirement Trust that has a significantly disproportionate impact on employees hired after they are older than age 40 years old, in violation of state law.

47.     Further, Defendants' less favorable treatment of older-hired firefighters was not reasonably designed to further or achieve a legitimate business purpose or administered in a way that reasonably achieves that purpose in light of the particular facts and circumstances that were known, or should have been known, to Defendants, because the purpose of the Retirement Trust provisions at issue was to keep pension costs down by ensuring that older hired firefighters could not achieve normal retirement pension benefits. Thus, Defendants' business purpose was not legitimate because it was achieved by discriminating against older hired firefighters, in violation of state law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request from the Court the following relief:

    A.    A declaratory judgment declaring that the Retirement Plan's 25-year service requirement for a normal retirement benefit, coupled with the age 65 mandatory retirement age, is a violation of the ADEA and state discrimination laws prohibiting discrimination on the basis of age.

    B.    Enjoin Defendants from enforcing and applying the Retirement Trust in a manner that discriminates against employees 40 years of age or older and treats them less favorably than employees less than 40 years old.

    C.    Direct Defendants to calculate Plaintiff Plank's retirement benefits (and those of other similarly situated individuals) in a manner that does not discriminate against them based on their age at the time of being hired.

    D.    An award of reasonable attorneys' fees, as well as costs and disbursements of this action; and

    E.    An award granting such other further relief as the Court deems proper.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby respectfully request a trial by jury on all claims presented in this Complaint.

Respectfully submitted,
/s/ Eric Chester
Ferguson, Doyle & Chester, PC
35 Marshall Rd
Rocky Hill, CT 06067
P: (860) 529-4762
F: (860) 529-0339
ericchester@fdclawoffice.com
*Local Counsel*

Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street NW, Suite 400
Washington, D.C. 20036
Phone: (202) 783-0010
Fax: (202) 783-6088
*Counsel for Plaintiffs*